FILED
2013 Mar-08  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LASONYA WILLIAMS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **2:12-cv-03821-AKK** |
| **WAL-MART ASSOCIATES INC,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lasonya Williams ("Williams") brings this action against her former employer Wal-Mart Associates, Inc. ("Wal-Mart") for religion, race, and gender based employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and Section 1981 of the Civil Rights Act of 1866 ("§ 1981").  Doc. 1. Wal-Mart seeks to partially dismiss the complaint and to strike certain allegations.  Doc. 6. The motion is fully briefed and ripe for review.  Docs. 6-1, 10, and 11.  For the reasons stated more fully below, Wal-Mart's partial motion to dismiss is **GRANTED in part**, but the motion to strike is **DENIED**.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also*

2

*Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

Wal-Mart hired Williams, an African American female, as a cashier in May 2006. Doc.1 at ¶ 16, 18. Around that time, Williams informed Wal-Mart that she could not work on Sundays for religious reasons. *Id*. at 18. Williams applied for several promotions and positions with greater responsibility and compensation throughout her employment, and succeeded in receiving a promotion to customer service associate. *Id*. at ¶¶ 16-17. Williams contends that Wal-Mart gave the other positions to Caucasian and/or male employees even though they were less qualified and had less seniority than her. *Id*. at 21.

Williams alleges also that Wal-Mart subjected her to discriminatory remarks. For example, Wal-Mart "scolded and/or reprimanded [Williams] for having her Bible in her possession while on [Wal-Mart's] premises," even though

---

[1]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (*quoting GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

she only read the Bible during her breaks. *Id*. at ¶ 19.  Purportedly, Wal-Mart officials also remarked that Williams could improve her chances for promotion if she agreed to work on Sundays. *Id*. at ¶ 20.

On September 16, 2011, a Wal-Mart loss prevention specialist and manager asked Williams about an error Williams purportedly made that resulted in an overpayment to five employees. *Id*. at ¶ 22.  Although Williams inquired about the error, Wal-Mart failed to provide any further information. *Id*. at ¶ 23.  Four days later, Wal-Mart told Williams to sign a "final notice" admitting fault or face termination. *Id*. at 24.  Williams refused and Wal-Mart immediately terminated her. *Id*.

Williams filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging race, sex, and religious discrimination in violation of Title VII:

> I am a Black female of the non-denominational religion.  I was hired by [Wal-Mart] in May 2006 as a cashier.  I progressed to the position of customer service associate.  I had no problems performing the duties of my job and had received only one disciplinary action since employed. On September 16, 2011, I was questioned by loss prevention and management about a procedure used within the company.  I answered the questioned [sic] and was informed that I had incorrectly done the procedure on five (5) occasions with employees.  I asked to be shown how I was making the error but my request was denied.  On September 20, 2011, I was given an ultimatum by the employer, which was to sign a final notice or be terminated.  I refused to sign the final notice because

> I did not know what mistakes I had made and what I needed to do to correct them.  So I was terminated.  None of the employees who received the overpayment of their salaries were being disciplined as I.  Also, a few week[s] before this happened I had been asked to work some Sundays but I refused because of my religious activities.
>
> The reason given for the termination was that I refused to sign the D-Day notice according to Dan Smith, Store Manager.

Doc. 1 at 11.  Williams filed this lawsuit after the EEOC issued her a right to sue letter.

## III. ANALYSIS

Williams asserts claims for race, gender, and religion based discriminatory discharge, and retaliatory discharge under Title VII and § 1981.  Doc. 1.[2]  Wal-Mart contends that dismissal is warranted for the retaliation claims because of a failure to properly allege a prima facie case or to exhaust administrative remedies.  Doc. 6-1.  The court discusses each contention below.

**A.    Administrative Exhaustion for Retaliation Claims**

Williams alleges that Wal-Mart "terminat[ed] her employment in retaliation for her complaints regarding workplace discrimination."  Doc. 1 at ¶ 39.  To properly assert a Title VII discrimination claim, Williams must first have

---

[2] In her response to Wal-Mart's motion, Williams noted that she does not allege any claims based on a failure to promote or any claims under 42 U.S.C. §§ 1983, 1985 or the Fourteenth Amendment.  Doc. 10 at 7-8.

exhausted her administrative remedies by filing an EEOC charge of discrimination that likewise alleges retaliation.  However, this requirement is not strictly construed.  Instead, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Stuart v.  Jefferson Cnty. Dept. of Human Resources*, 152 F. App'x 798, 801 (11th Cir.  2005) (*quoting Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004)).  While "the plaintiff cannot allege new acts of discrimination," the court may properly consider claims outside the EEOC charge "that amplify, clarify, or more clearly focus the allegations in the EEOC charge[.]" *Stuart*, 152 F. App'x at 801; *Gregory*, 355 F.3d at 1279-80.

In that regard, the court disagrees with Wal-Mart's contention that Williams failed to assert retaliation claims in her EEOC charge and that her claims are not within the scope of the charge.  Doc. 6-1 at 9-12.  Although Williams failed to mark the "retaliation" box on her EEOC charge and she limited the date of discriminatory conduct to September 20, 2011, the date of her discharge, Williams did indicate that she "had been asked to work some Sundays but [] refused because of [her] religious activities" and was subsequently terminated.  Doc. 1 at 11. Since requesting a religious accommodation is protected activity, a reasonable investigation stemming from the allegations within the charge could have

extended to potential discharge in retaliation for refusing to work on certain days due to religious exercise.  *See e.g., Bridges v. Russell*, 757 F.2d 1155, 1157 (11th Cir. 1985) (holding that a complaint alleging transfer in retaliation for exercise of First Amendment rights states a claim for retaliation); *Richardson v. Dougherty Cnty, Ga.*, 185 F. App'x 785, 790 (11th Cir. 2006) (acknowledging that requesting a religious accommodation is a protected expression).  However, the investigation would not extend to purported gender or race based retaliation, since the charge alleges only facts related to religion.  Accordingly Wal-Mart's motion to dismiss the Title VII retaliation claims is **GRANTED** with respect to race and gender based retaliation, but **DENIED** with respect to religion based retaliation.[3]

## B.    Properly Pleading a Retaliation Claim

Wal-Mart contends next that the Title VII and § 1981 retaliatory discharge claims are due to be dismissed because Williams failed to properly plead a prima facie case.  Doc. 6-1 at 7-8.  As a preliminary matter, a plaintiff cannot maintain discrimination claims under § 1981 based on gender or religion.  *See Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 960-61 (11th Cir. 1997).  Accordingly, Williams may only allege a § 1981 race-based discriminatory

---

[3] The court notes that § 1981 does not have an administrative exhaustion requirement, so the race-based retaliatory discharge claim would survive under this prong of the analysis.

7

discharge claim.  In all other respects, the prima facie requirements for a claim of retaliation are identical under § 1981 and Title VII.  *Ash v. Tyson Foods, Inc.*, 662 F.3d 883, 903 (11th Cir. 2011).  Specifically, Williams must allege that "[s]he engaged in statutorily protected activity, [s]he suffered a materially adverse action, and there was some causal relation between the two events."  *Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008).

Wal-mart primarily contends that the retaliation claims fail because Williams failed to allege that she engaged in protected activity.  Generally, "protected activity" includes opposing employment discrimination or participating in a discrimination investigation, proceeding, or hearing.  42 U.S.C. § 2000e-(3)a; *see also Clover v. Total Systems Services, Inc.*, 176 F.3d 1346, 1350 (11th Cir. 1999).  With respect to purported race and gender based retaliation, although these claims fail under the exhaustion requirement, *see* section A, *supra*, the complaint also fails to allege that Williams complained of a race or gender-based unlawful employment practice or participated in any investigation prior to her termination.  *See* doc. 1.  Since a retaliation claim requires protected activity as a predicate and Williams failed to allege any, Williams failed to plead sufficient facts to allege a prima facie case of race or gender-based retaliation.  However, requesting a religious accommodation and refusing to work due to First Amendment religious

8

exercise is "protected activity." *See Richardson*, 185 F. App'x at 790.

Accordingly, Wal-Mart's motion is **DENIED** with respect to Williams's Title VII

religion-based retaliatory discharge claim, but **GRANTED** in all other respects.

**C.      Striking Allegations Within the Complaint**

      Finally, Wal-Mart seeks to strike all allegations in the complaint that it

considers "inflammatory" or that reference a failure to promote, retaliation, 42

U.S.C. §§ 1983 or 1985, and the Fourteenth Amendment (complaint paragraphs 5,

9, 17, 20-21, 24, 27, and 37-39).  *See* doc. 6-1.  The court declines to do so since

"motions to strike are not favored, are 'time wasters,' and will usually be denied

unless the allegations have no possible relation to the controversy and may cause

prejudice to one of the parties."  *Parsons v. Nationwide Mut. Ins. Co.*, 889 F.

Supp.465, 470 (M.D. Fla. 1995).  As Williams has made clear, references to §

1983, § 1985, or the Fourteenth Amendment are typographical errors, doc. 10 at 8,

and thus striking these terms is unnecessary.  Moreover, while Williams

admittedly does not maintain a failure to promote claim, she may use these facts to

show Wal-Mart's purported discriminatory animus and intent.  Furthermore,

contrary to Wal-Mart's contention, the language used in paragraph 24 is not

inflammatory and does not prejudice Wal-Mart in any way.  Finally, since the

court dismissed the retaliation claims based on gender and race, the motion to

9

strike is moot with respect the retaliatory language.  Accordingly, the motion to strike is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Wal-Mart's partial motion to dismiss is **DENIED** with respect to the Title VII religion-based retaliation claim, but otherwise **GRANTED**.  Additionally, the motion to strike is **DENIED**. Accordingly, Williams's § 1981 and Title VII race and gender-based retaliation claims are **DISMISSED**.

**DONE** this 8th day of March, 2013.


_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE